People v National Rifle Assn. of Am. (2024 NY Slip Op 06135)

People v National Rifle Assn. of Am.

2024 NY Slip Op 06135

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Webber, J.P., Moulton, Mendez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 451625/20 Appeal No. 3192 Case No. 2023-06396 

[*1]People of the State of New York, by Letitia James, Attorney General of the State of New York, Plaintiff-Respondent,
v
The National Rifle Association of America, Defendant-Appellant, Wayne LaPierre et al., Defendants.

Brewer, Attorneys & Counselors, New York (Noah B. Peters of counsel), for appellant.
Letitia James, Attorney General, New York (Matthew William Grieco of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered December 4, 2023, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion to strike defendant The National Rifle Association of America's (The NRA) jury demand to the extent it sought a jury trial of issues related to equitable relief sought by the Attorney General, unanimously affirmed, without costs.
The court properly denied The NRA's request to submit issues bearing on equitable remedies to the jury (see Tull v United States, 481 US 412, 425-426 [1987]). The court correctly found, among other things, that submitting those issues to the jury would raise numerous practical problems, such as requiring the jury to answer questions about then-present or future circumstances. The NRA interprets the general right to a jury trial under Non-Profit Corporation Law § 112(b)(1) in a manner that would produce "unreasonable" and "absurd" results (People ex rel. McCurdy v Warden, Westchester County Corr. Facility, 36 NY3d 251, 262 [2020] [internal quotation marks omitted]). We note that The NRA acknowledges that the trial court, rather than the jury, must exercise its discretion to decide whether to grant equitable remedies and to fashion those remedies. This Court has already ruled in this action that "whether particular equitable remedies would constitute a proper exercise of discretion is for Supreme Court to decide in the first instance" (People v National Rifle Assn. of Am., 222 AD3d 498, 498 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024